

Office of the Attorney General
**Elizabeth Barrett-Anderson**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive, Suite 802
Tamuning, Guam 96913 ● USA
Tel. (671) 475-3324 Fax. (671) 472-2493
www.guamag.org

**Attorneys for the Government of Guam**

## UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| PEDRO M. TERLAJE, | ) Civil Case No. 18-00042 |
| Plaintiff, | ) **MOTION TO DISMISS** |
| vs. | ) |
| GOVERNMENT OF GUAM by ELIZABETH BARRETT-ANDERSON, in her capacity as ATTORNEY GENERAL OF GUAM, et al, | ) |
| Respondent(s). | ) |

Defendants Government of Guam, Attorney General Elizabeth Barrett Anderson, Police Chief Joseph Cruz, Guam Police Department, DOC Director Alberto Lamorena V, and the Department of Corrections, hereby move to dismiss the complaint as it pertains to them for failure to state a claim pursuant to FRCP 12(b)(6).

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### FACTS

This is a civil rights action brought by Mr. Pedro M. Terlaje against the Government of Guam and numerous government officials. The complaint alleges both a Section 1983 violation

1
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 1 of 12

and "False Arrest and False Imprisonment." Mr. Terlaje has demanded a jury trial and prays for $1 million in damages.

The complaint also names the Attorney General, the Chief of Police and the Director of the Department of Corrections as defendants "in their official capacity." However, it does not seek declaratory or injunctive relief from these officials. Rather the complaint prays only for damages, apparently from the Government of Guam, GIAA and a GIAA police officer. The three officials named as defendants are at a loss to say what plaintiff requires of them.

The complaint alleges that, on April 4, 2017, a police officer employed by the Guam International Airport Authority arrested the plaintiff on Governor Carlos Camacho Road after a traffic accident. [Complaint, ¶¶ 15-31]. The GIAA officer transported the plaintiff to the GIAA offices and later to the Hagatna Detention Facility before the plaintiff was incarcerated overnight at the Department of Corrections. [Complaint, ¶¶ 35-40]. The Plaintiff was searched at the HDF and strip searched at DOC. [Complaint, ¶¶ 38-39]. The Office of the Attorney General declined prosecution. [Complaint, ¶ 43].

The legal allegations based on Section 1983 are that GPD and GIAA held plaintiff in violation of the Fourth, Fourteenth and Fifteenth Amendments to the Constitution because: (1) the GIAA officer lacked legal authority to make the arrest; (2) the Government and its officials adequately failed to train and supervise the officers involved; (3) the Government conducted an unconstitutional arrest and, by incarcerating plaintiff, failed to "correct" it. [Complaint, ¶¶ 45-47].

The legal allegation of False Arrest and False Imprisonment alleges that plaintiff was arrested despite not having committed an offense and was held in custody "…without process or legal authority of any kind. [Complaint, ¶¶ 48 through 62].

Plaintiff filed a government claim regarding these allegations but the Office of the Attorney General denied it.

2
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 2 of 12

The Office of the Attorney General represents Defendants Government of Guam, Attorney General Elizabeth Barrett Anderson, the Guam Police Department and Chief Cruz, the Department of Corrections and Director Lamorena. It does not represent the other named Defendants. The OAG now moves to dismiss all the allegations against said Defendants based on the following arguments: (1) the Government of Guam is not liable for suit in a 1983 action; (2) the Government of Guam is not liable for False Arrest because it is not liable for intentional torts; (3) the Guam Police Department and the Department of Corrections cannot sue or be sued in their own names; (4) the Guam Police Department and the Department of Corrections are not liable for the actions of a GIAA employee; (5) if the federal cause of action is dismissed, there will be no jurisdiction for the False Imprisonment claim because there will be no pendent jurisdiction. *See* Title 28 U.S.C. 1367.

The argument will make it clear the plaintiff's mere detention after his arrest cannot be a 1983 violation. Therefore, there can be no case for negligent training or vicarious liability because the complaint does not allege an underlying constitutional tort for which the government can be held liable for the act of an employee.

Likewise, the government of Guam is not liable for intentional torts committed by its employees so the False Imprisonment allegation must fall as well.

## II.
## STANDARD OF REVIEW

In ruling on a Motion to Dismiss based on FRCP 12(b)(6), the court must accept all the factual allegations of the complaint as true, but not its legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678-9 (2009); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III.
## APPLICABLE LAW

Plaintiff brings this action pursuant to Title 42 U.S.C. 1983, which provides:

3
*Motion to Dismiss*
*Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042*
Case 1:18-cv-00042  Document 5  Filed 12/11/18  Page 3 of 12

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory…subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress… (emphasis added)

## IV.

## AN ACTION BASED ON 42 U.S.C. 1983 WILL NOT LIE AGAINST THE GOVERNMENT OF GUAM

The complaint purportedly sues the Government of Guam under Section 1983, but the Supreme Court of the United States has held that the Government of Guam is not a "person" within the meaning of Section 1983 and therefore cannot be sued for damages thereunder. Ngiraingas v. Sanchez, 495 U.S. 182, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990).

> …the sole named Defendant in this action is the Department of Corrections, an agency of the government of Guam. The department is immune from suit under § 1983 because the government of Guam is not a person within the meaning of the said act.

**Perez v. Department of Corrections, 2014 WL 4467071 (D.C. Guam 2014).**

An action for declaratory and injunctive relief will lie, however, against a GovGuam official acting in his official capacity. Paeste v. Government, 798 F.3d 1228 (9th Cir. 2015). However, the complaint does not allege counts of declarative and injunctive relief or pray for such relief.

This Section 1983 action for damages not lie against the Government of Guam and must be dismissed for failure to state a claim.

## V.

## THE GOVERNMENT OF GUAM IS NOT LIABLE FOR FALSE IMPRISONMENT BECAUSE IT IS NOT LIABLE FOR INTENTIONAL TORTS

It appears that the Supreme Court of Guam has never defined the elements of False Arrest or False Imprisonment. They are, however, unquestionably intentional torts. Trammel v. Wright,

4
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 4 of 12

489 S.W.3d 636 (Ark. 2016); Schreiner v. Hodge, 407 P.3d 264 117 (Kan. 2017); McKee v. McCann, 102 N.E.3d 38 (Oh. 2017); Examination Management Services, Inc. v. Steed, 794 S.E.2d 678 (Ga. 2016); Bocanegra v. Jakubowski, 241 Cal.App.4th 848, 194 Cal.Rptr.3d 327 (2015).

Guam has common law sovereign immunity. Marx v. Gov't of Guam, 866 F.2d 294, 297–98 (9th Cir. 1989). The Government of Guam is liable only for torts of negligence and not for intentional torts because it has not waived sovereign immunity for intentional torts. *See,* 48 U.S.C. § 1421a.; and 5 G.C.A. § 6105(b). Therefore, an action for False Imprisonment against the Government of Guam will not lie.

The Government of Guam is not liable for intentional torts committed by its agents and employees. Wood v. Guam Power Authority, 2000 Guam 18; Sumitomo Construction Co., Ltd. v. Government of Guam, 2001 Guam 23; Joseph v. Abrams, 2018 WL 3545317 (D.C. Guam 2018).

This court has dismissed a complaint that alleged intentional torts, including False Arrest and False Imprisonment, as being barred by the Government Claims Act. Hardman v. Government of Guam, 2011 WL 4901054 (D.C. Guam 2011).

> ...Plaintiff alleges claims of battery, assault, trespass, false arrest, and false imprisonment under Guam law...the Government has inherent sovereign immunity, and cannot be sued without its consent. *Marx v. Gov't of Guam,* 866 F.2d 294, 298 (9th Cir.1989). It is clear that the Government has "not waived its immunity with respect to intentional torts committed by its employees." *Id.; see also* 5 Guam Code Ann. § 6105(b) (the Government waives immunity to suit "for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government.").
>
> The claims asserted under Guam law are all intentional torts, and as such, they are barred under the doctrine of sovereign immunity. Thus, Plaintiff has failed to state a plausible claim against the Government...

**Hardman, supra.**

The allegations of False Arrest and False Imprisonment brought against the Government of Guam must be dismissed for failure to state a claim.

5
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 5 of 12

# VI.

## THE GUAM POLICE DEPARTMENT AND THE DEPARTMENT OF CORRECTIONS CANNOT SUE OR BE SUED IN THEIR OWN NAMES

Another threshold problem with the complaint is that it apparently seeks damages from the Guam Police Department and the Guam Department of Corrections for negligence. Neither agency can sue or be sued in its own name. Complaints for damages based on the negligence of a line agency and its employees must be brought against the Government of Guam, which pays damages in tort from the Government Claims Fund. *See,* Title 5 G.C.A. 6401 and 6402. Therefore, plaintiff cannot obtain damages from said agencies.

Line agencies are not generally liable in tort so the cause of action for False Arrest cannot apply to GPD and DOC.

Those two agencies cannot be sued under 1983 either. As part of the Government of Guam, they are immune from suit under 1983 just as the Government of Guam is immune. Ngiraingas v. Sanchez, 495 U.S. 182, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990); Perez v. Department of Corrections, 2014 WL 4467071 (D.C. Guam 2014); Paeste v. Government, 798 F.3d 1228 (9th Cir. 2015).

The complaint, in so far as it pertains to DOC and GPD, must be dismissed for failure to state a cause of action.

# VII.

## THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE GUAM POLICE DEPARTMENT AND THE DEPARTMENT OF CORRECTIONS

There are a few limited situations were a government can be held liable for negligence pursuant to Section 1983. This complaint does not state such a cause of action. There is no "vicarious liability" in a Section 1983 case. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). A

6
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al.; Case No. 18-00042
Case 1:18-cv-00042   Document 5   Filed 12/11/18   Page 6 of 12

government official can be held liable under Section 1983 only for his own actions, not those of his subordinates. Ibid.

Although there are a few cases that hold officials liable for negligent training, they are few and far between. Prison or jail officials generally are not liable for damages in their individual capacities under § 1983, unless they personally participated in the alleged constitutional violations. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); see also Iqbal, 556 U.S. at 677.

The complaint alleges that GPD and DOC negligently held Mr. Terlaje despite his having been arrested unlawfully by the GIAA officer. pp. 9-10. The question of whether the plaintiff was unlawfully arrested will hinge on the arresting officer's state of mind, whether he reasonably believed that he had probable cause for the arrest. *See,* Devenpeck v. Alford, 125 S.Ct. 588, 592-594 (2004). The arresting officer was employed by GIAA so he was the person who determined that there was probable cause, not someone from GPD or DOC.

The complaint seems to allege that law enforcement officers who hold a prisoner after an arrest must inquire into the circumstances of the arrest and "correct" it by releasing an unlawfully detained prisoner. This is not the law. The pertinent government duty is to bring a person arrested without a warrant before a magistrate for a determination of probable cause within forty-eight hours of the arrest unless there are unusual circumstances. County of Riverside v. McLaughlin, 111 S.Ct. 1661 (1991). The reviewing magistrate then makes a determination of probable cause, not the detention center. *See also,* Atwater v. City of Lago Vista, 532 U.S. 318 (2001).

A police officer is not liable for detaining an arrestee without a probable cause hearing when he was not liable for delaying said hearing and the detention lasted less than 48 hours and was therefore presumptively reasonable. Ortiz v. City of Chicago, 656 F.3d 523, 395-540 (7th Cir. 2011). After a warrantless arrest based on probable cause, a duty to release arises only if the *arresting officer* ascertains beyond a reasonable doubt that there was no probable cause.

7
*Motion to Dismiss*
*Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042*
Case 1:18-cv-00042   Document 5   Filed 12/11/18   Page 7 of 12

Thompson v. Olson, 798 F.2d 552, 556 (1st Cir. 1986). DOC is not liable for the officer's decision to arrest and had no duty to release the plaintiff.

Guam law requires, in accordance with McLaughlin, supra, that a defendant be brought before a magistrate within forty-eight hours. *See,* 8 G.C.A. 45.10(c). Plaintiff was held for only twenty-seven hours and then released.

There is no case against the government and its employees here because they detained the plaintiff only about 27 hours.

The allegation that the DOC strip search violated the plaintiff's civil rights is off the mark. DOC strip searches all detainees and prisoners. The Supreme Court has held that a routine strip search that is administered to every prisoner at the time of incarceration cannot be a 1983 violation. Florence v. Board of Chosen Freeholders of County of Burlington, 566 U.S. 318, 132 S.Ct. 1510, 1517, 182 L.Ed.2d 566 (2012). *See also,* Williams v. City of Cleveland, 907 F.3d 924 (6th Cir. 2018); Beckwith v. City of Henderson, 687 Fed.Appx. 665 (9th Cir. 2017).

> ...correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities. See *Bell,* 441 U.S., at 546, 99 S.Ct. 1861 ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of retained constitutional rights of both convicted prisoners and pretrial detainees"). The task of determining whether a policy is reasonably related to legitimate security interests is "peculiarly within the province and professional expertise of corrections officials." *Id.,* at 548, 99 S.Ct. 1861. ..." 'in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters.' " *Block, supra,* at 584–585, 104 S.Ct. 3227; *Bell, supra,* at 548, 99 S.Ct. 1861.
>
> In many jails officials seek to improve security by requiring some kind of strip search of everyone who is to be detained. These procedures have been used in different places throughout the country...See *Roberts v. Rhode Island,* 239 F.3d 107, 108–109 (C.A.1 2001); *Chapman v. Nichols,* 989 F.2d 393, 394 (C.A.10 1993); *Giles v. Ackerman,* 746 F.2d 614, 615 (C.A.9 1984) *(per curiam);* see also, *e.g., Bull v. City and Cty. of San Francisco,* 595 F.3d 964 (C.A.9 2010) (en banc) (San Francisco, California); *Powell v. Barrett,* 541 F.3d 1298 (C.A.11 2008) (en banc) (Fulton Cty., Ga.); *Masters v. Crouch,* 872 F.2d 1248, 1251 (C.A.6 1989) (Jefferson Cty., Ky.); *Weber v. Dell,* 804 F.2d 796, 797–798 (C.A.2 1986) (Monroe

8
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042  Document 5  Filed 12/11/18  Page 8 of 12

Cty., N.Y.); *Stewart v. Lubbock Cty.*, 767 F.2d 153, 154 (C.A.5 1985) (Lubbock Cty., Tex.).

**Florence v. Board of Chosen Freeholders of County of Burlington, 566 U.S. 318, 132 S.Ct. 1510, 1517, 182 L.Ed.2d 566 (2012).**

The complaint fails to state a cause of action for any negligent activity by GovGuam that would constitute a Section 1983 violation.

## VIII.

## THE GOVERNMENT OF GUAM IS NOT LIABLE FOR TORTS COMMITTED BY THE GUAM INTERNATIONAL AIRPORT AUTHORITY

A GIAA officer made the arrest, but the Government of Guam is not liable for the torts of the Guam International Airport Authority which, as an autonomous agency, is responsible for its own liability. *See,* 5 G.C.A. 6208. The GIAA is authorized by law to sue and be sued in its own name. *See,* 12 G.C.A. 1203(a).

The complaint alleges that GPD negligently trained the GIAA officer who made the arrest. However, GPD does not train GIAA officers. GIAA uses federal money for highway safety training to train its own officers. It has been many years since a GIAA officer went through the Guam Police Academy.

Even if GPD had trained the arresting officer, the plaintiff has a very heavy burden of proof. Negligence in police training is a basis for § 1983 liability only when the failure to train constitutes deliberate indifference to the rights of the public. Miller v. Sanilac County, 606 F.3d 240, 254 (6th Cir. 2010). To establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the government has ignored a history of abuse and knew that the training in a particular area was deficient. Miller v. Sanilac County, 606 F.3d 240, 254 (6th Cir. 2010); Estate of Bennett v. Wainwright, 548 F.3d 155, 176-177 (1st Cir. 2008).

9
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 9 of 12

As we understand it, the complaint alleges that the government negligently failed to train and supervise law enforcement officers regarding the constitutional and statutory limits on the power of arrest, requesting assistance from other government agencies, the limits of their authority, and failed to correct an unconstitutional arrest. [Complaint, p. 8]. This allegation is made against both GPD and GIAA with no differentiation, so we cannot tell how much liability plaintiff assigns to each agency. The GIAA police, however, work under the supervision of GIAA. *See*, 12 G.C.A. 112.1, not that of GPD.

Only GIAA can be held liable even if the plaintiff was arrested without probable cause. Therefore, the complaint against DOC and GPD and the remainder of Government of Guam in so far as it applies to said arrest, must be dismissed. Whether the government can be held liable for its actions taken in the aftermath of the arrest may present a slightly different question, but we have already established that they cannot be held liable for merely holding the plaintiff even if his arrest was unlawful.

## IX.

## DISMISSAL OF THE 1983 CLAIM REQUIRES DISMISSAL OF THE LOCAL CLAIM BECAUSE THERE WILL BE NO SUPPLEMENTAL JURISDICTION

This court has jurisdiction over the False Imprisonment claim only because of the doctrine of supplemental jurisdiction. Therefore, if the Section 1983 claim is dismissed, the False Imprisonment claim should also be dismissed. *See*, <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966). Supplemental jurisdiction is based on 28 U.S.C. 1367:

> § 1367. Supplemental jurisdiction.
> (a) Except as provided in subsections (b) and (c)…, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution…
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,

10
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 10 of 12

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In ruling on a question of supplemental jurisdiction, the Ninth Circuit has held: "Federal courts are courts of limited jurisdiction, and parties may not expand that jurisdiction by waiver or consent." Herklotz v. Parkinson, 848 F.3d 894, 897 (2018). "A severed action must have an independent jurisdictional basis." Ibid.

> Although district courts generally have supplemental jurisdiction over state law claims forming "part of the same case or controversy" as federal claims, there are a number of circumstances in which "[t]he district court may decline to exercise [this] jurisdiction," including when all federal claims have been dismissed. *See* 28 U.S.C. § 1367(a), (c). The decision is discretionary, and, if one of the § 1367(c) circumstances is present, "the exercise of discretion [is] triggered." *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Section 1367 plainly vests this discretion with the *district* court. *See* 28 U.S.C. § 1367(c); *see also Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007)

> ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within *the district court's discretion*." (emphasis added)); *Exec. Software*, 24 F.3d at 1557 ("[S]ubsection (c) [of § 1367] requires *the district court*, in exercising *its discretion*, to undertake a case-specific analysis." (emphasis added) (quoting H.R. No. 734, 101st Cong. § 29 (1990))); *960 *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992)

**Pure Wafer Incorporated v. Prescott, City of, 845 F.3d 9431, 959-960 (9th Cir. 2017).**

> However, "[w]here a district court has dismissed all claims over which it has original jurisdiction, it may sua sponte decline to exercise supplemental jurisdiction over remaining state law claims"...In determining whether to decline supplemental jurisdiction, courts consider whether the exercise of supplemental jurisdiction is the interests of economy, convenience, fairness, and comity. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Moreover, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine...will point toward declining to exercise jurisdiction over the remaining state-law claims."...

11
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042

Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 11 of 12

Sikhs for Justice "SFJ", Inc. v. Facebook, Inc., 144 F.Supp.3d 1088, 1096 (N.D.Cal. 2015).

*See also,* Fang v. United States, 140 F.3d 1238, 1240 (9th Cir. 1998); Roberts v. Bell, 281 F.Supp.3d 1074 (D.Mont. 2018); Scripps America, Inc. v. Ironridge Global LLC, 119 F.Supp.3d 1213 (C.D.Cal. 2015).

Defendants assert that all claims should be dismissed, but if the court dismisses only the Section 1983 claim, it should decline to exercise jurisdiction over the state law claim of False Imprisonment. Section 1367(c) provides the court with no reason to exercise its jurisdiction to the contrary. This case does not present extraordinary circumstances and it is still early in the process. Plaintiff may do all the relevant discovery and will not be prejudiced by the dismissal.

## CONCLUSION

The complaint must be dismissed for failure to state a claim.

Dated this ___ day of December 2018.

OFFICE OF THE ATTORNEY GENERAL
**Elizabeth Barrett-Anderson,** Attorney General

By: _____
**DAVID J. HIGHSMITH**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that on __12/12/18__, I electronically filed the foregoing with the Clerk of Court for the United States District Court of Guam using the CM/ECF system and sent a copy to all counsel of record or parties via the Court's electronic filing system.

_____
**DAVID J. HIGHSMITH**
Assistant Attorney General

12
*Motion to Dismiss*
Pedro Terlaje vs. Government of Guam et al; Case No. 18-00042
Case 1:18-cv-00042 Document 5 Filed 12/11/18 Page 12 of 12