**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| PEDRO M. TERLAJE,<br><br>Plaintiff,<br><br>vs.<br><br>PAN SA KIM, CIARA L.S. FINONA, A.B. WON PAT INTERNATIONAL AIRPORT, DOES I through X,<br><br>Defendants. | CIVIL CASE NO. 18-00042<br><br>**ORDER** |

Before the court is a Motion to Dismiss brought by Defendants Pan Sa Kim, Ciara L.S. Finona, and the A.B. Won Pat International Airport. Mot. Dismiss, ECF Nos. 15 & 16. For the reasons stated herein, that motion is **GRANTED**.

## I. BACKGROUND

### A. Factual History[1]

On April 30, 2017, Plaintiff Pedro Terlaje, a 79-year-old male, was involved in a traffic accident while driving on Guam Highway 30 in Tamuning. FAC at ¶¶ 9, 13, ECF No. 10. The Guam Police Department (GPD) was called to report the traffic accident. *Id.* at ¶ 14. No GPD officers were available, so GPD requested assistance from the Guam International Airport Authority (GIAA) police. *Id.* at ¶ 15.

Defendant Pan Sa Kim, a GIAA police officer, arrived at the scene. *Id.* at ¶¶ 19, 21. Kim asked Terlaje whether he had been drinking. *Id.* at ¶ 22. Terlaje answered in the affirmative. *Id.*

---

[1] When ruling on a motion to dismiss, this court accepts the alleged facts within the First Amended Complaint to be true. *See Ashcroft v. Iqbal,* 556 U.S. 662, 698 (2009).

1

Kim presented Terlaje with a form requesting Terlaje to waive his rights under the Implied Consent Law. *Id.* at ¶ 23. Terlaje refused to sign the form, and he refused to consent to a breathalyzer test. *Id.* at ¶¶ 23, 25. Kim informed Terlaje that his refusal to take a breathalyzer test would result in his arrest. *Id.* at ¶ 26. Terlaje continued to refuse, so Kim arrested him. *Id.* at ¶¶ 26-27.

Kim then transported Terlaje to the GIAA offices. *Id.* at ¶ 29. Defendant Ciara Finona signed an accident report as Kim's supervising authority. *Id.* at ¶ 30. Kim then transferred Terlaje to the GPD Hagatna precinct, where Terlaje was processed and confined. *Id.* at ¶ 35. He was then transferred again to the Department of Corrections facility in Mangilao. *Id.* at ¶ 36. He was released at 6:00 p.m. on May 1, 2017. *Id.* at ¶ 39. In total, he had been detained approximately 27 hours. *Id.*

The Guam Attorney General declined to prosecute Terlaje for any crime. *Id.* at ¶ 41. Terlaje subsequently lodged a claim under the Government Claims Act, which was rejected by the Government of Guam and the GIAA. *Id.* at ¶¶ 42 & 43.

**B. Procedural History**

On November 14, 2018, Terlaje opened this case. Compl., ECF No. 1. On January 11, 2019, he filed his First Amended Complaint (FAC). FAC, ECF No. 10. The FAC alleges four counts: **(1)** Violation of Civil Rights under 42 U.S.C. § 1983 (against all Defendants), **(2)** False Arrest and False Imprisonment (against all Defendants), **(3)** Assault and Unlawful Restraint (against GIAA and Kim), and **(4)** Violation of 10 GCA § 77117 (against Defendant Does). *Id*.

On January 18, 2019, Defendants Pan Sa Kim, Ciara L.S. Finona, and the A.B. Won Pat International Airport moved to dismiss the FAC. Mot. to Dismiss & Mem., ECF Nos. 15 & 16. Terlaje opposed dismissal, Opp'n, ECF No. 22, and Defendants replied in support. Reply, ECF No. 26.

## II. LEGAL STANDARDS

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) permits a defendant to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted."

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III. DISCUSSION

The only federal claim within Terlaje's FAC is based on § 1983. "To state a Section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a person acting under color of the laws of any state or territory." *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991).

**A. GIAA Enjoys Sovereign Immunity**

Defendants first argue that the GIAA is immune from § 1983 suits. Mot. Dismiss at 3, ECF No. 16. They cite *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990), for the proposition that "neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." Therefore, Defendants conclude, they cannot be liable under § 1983. *Id. See also Bermudez*, 936 F.2d at 1066 (holding that the Guam Parole Board is an instrumentality of the Government of Guam and therefore immune from suit).

Terlaje attempts to distinguish this case from *Ngiraingas* by noting that *Ngiraingas* was a

3

suit against the Guam Police Department, a body within the executive branch of the Government of Guam, whereas the GIAA is a "separate corporate body." Opp'n at 4, ECF No. 22. This is a distinction without a difference, because the Guam statutes clearly establish the GIAA as an "instrumentality" of the Government of Guam. Section 1102(a) of Title 12, Guam Code Annotated, creates "a public corporation and an **autonomous instrumentality of Guam** called the Antonio B. Won Pat International Airport Authority." (Emphasis added.) *See also* 5 GCA § 6103(a) ("Government of Guam shall include all agencies, departments, instrumentalities, public corporations, and all other entities of the government, no matter how designated, and whether or not such agencies may sue or be sued in their own name."); 12 GCA § 1109 (describing the GIAA as "an instrumentality of the government of Guam"). Thus, despite being labeled as a "corporate body," the Guam statutes are clear that the GIAA is an "instrumentality" of the Government of Guam. As such, the GIAA is covered by the Government of Guam's sovereign immunity. *See McCauley v. University of the Virgin Islands*, 618 F.3d 232, 240 (3rd Cir. 2010).

**B. GIAA Has Not Waived Sovereign Immunity for Intentional Torts**

Terlaje argues that, even if GIAA enjoys sovereign immunity, GIAA has waived that immunity with respect to torts sounding in false arrest. Opp'n at 5, ECF No. 22. In particular, Terlaje cites to 5 GCA § 1113, which waives the Government's limitation of liability found in 5 GCA § 6301 in certain instances, and 5 GCA § 6301, which requires the Governor of Guam to obtain false arrest and false imprisonment insurance for Government of Guam employees. *Id.* Terlaje further points to 12 GCA § 1105(h), which grants the GIAA the power to "sue or be sued in its own corporate name," and 12 GCA § 1203(a), which allows the GIAA to "[s]ue and be sued in all actions and proceedings in all court and tribunals of competent jurisdiction."

Defendants respond with 5 GCA § 6105, "Waiver of Immunity," which provide as follows:

4

> Pursuant to Section 3 of the Organic Act of Guam, the Government of Guam hereby waives immunity from suit, but only as hereinafter provided:
>
> (a) for all expenses incurred in reliance upon a contract to which the Government of Guam is a party, but if the contract has been substantially completed, expectation damages may be awarded;
>
> (b) for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private persons do not engage. [Irrelevant language omitted.]
>
> (c) The Government of Guam shall not be liable for claims arising from an exercise of discretion in making policy.

As the Supreme Court of Guam has held, "a plaintiff may only sue the Government of Guam under these specific exceptions to sovereign immunity contained in Section 6105." *Wood v. Guam Power Auth*ority, 2000 Guam 18. Intentional torts—such as false imprisonment and false arrest—"are not encompassed by section 6105." *Id*. Therefore, GIAA's "sovereign immunity has not been waived with respect to international torts" such as those alleged in Terlaje's FAC. *Id*. Accordingly, Terlaje cannot maintain a § 1983 suit against the GIAA or its officers acting in their official capacities. *Hardman v. Government of Guam*, 2011 U.S. Dist. LEXIS 118919, at *15.

### C. Officers Kim and Finona Are Entitled to Qualified Immunity

To the extent that Terlaje is suing Officers Kim and Finona in their personal capacities, Defendants argue that they enjoy qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). "[C]ourts may grant qualified immunity on the ground that a purported right was not 'clearly established' by prior case law, without resolving the often more difficult question whether the purported right exists at all." *Id*. "To be clearly established, a right must be sufficiently clear 'that every reasonable official would [have understood] that what he is doing

violates that right.'" *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). In short, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 136 U.S. 305 (2015).

Terlaje argues that a reasonable officer in Kim's position should have known she was violating the law because "Guam law clearly restricts the arrest powers of GIAA airport police." Opp'n at 8, ECF No. 22 (citing 12 GCA § 1112.1(b) ("Notwithstanding any law, rules or regulations to the contrary, members of the Airport Police while on the premises and acting within their official capacity, shall have powers of peace officers, including, but not limited to, the power to arrest.")). This court disagrees with Terlaje's interpretation of § 1112.1(b), which addresses only the GIAA police's authority while on the airport premises. It is silent as to whether, under the circumstances presented in this case, GIAA police officers may arrest individuals outside of Airport premises.

However, other statutes appear to grant the airport police the authority to arrest. GIAA Police Officers are considered to be "peace officer[s]." 8 GCA § 5.55(n). Peace officers are immune from suit for "false arrest or false imprisonment for an arrest which is lawful under [8 GCA § 20.15(a)]." 8 GCA § 20.15(b). Peace officers may arrest a person without warrant when the officer has "reasonable cause to believe that the person to be arrested has committed a felony or misdemeanor." 8 GCA § 20.15(3).

Viewing these statutes as a whole, it is unclear whether GIAA Police Officers have the authority to arrest outside of Airport premises. But it is certainly not "clearly established" that such an arrest is beyond the GIAA officer's authority. *Reichle*, 566 U.S. at 664.

Terlaje's remaining argument is that Kim's arrest of Terlaje was not supported by probable cause. Opp'n at 8, ECF No. 22. The facts within Terlaje's FAC belie this assertion. Terlaje admitted to having consumed alcohol prior to being involved in a traffic accident. FAC at

6

¶¶ 9, 13, ECF No. 10. Terlaje refused to waive his rights under the Implied Consent Law, and he refused to take a breathalyzer test, despite being warned that his refusal would result in his arrest. *Id*. at ¶¶ 23-27. These facts are sufficient to support an arrest for driving under the influence of alcohol, a misdemeanor or felony, depending on whether bodily injury results. 16 GCA §§ 18104, 188110. Thus, because Terlaje has failed to show that Officers Kim or Finona violated a "clearly established" right, those Officers are shielded by qualified immunity. *Reichle*, 566 U.S. 664. Therefore, Terlaje's § 1983 suit against them cannot be maintained.

## IV. CONCLUSION

For the reasons stated herein, the § 1983 claims within Terlaje's FAC are **DISMISSED WITH PREJUDICE** as to all defendants. Given that the § 1983 claims are the basis of Terlaje's invocation of federal jurisdiction, the remaining Guam-based claims within Terlaje's FAC are **DISMISSED WITHOUT PREJUDICE**, so that Terlaje may pursue those claims within Guam courts, should he so choose. *See Jones v. Community Redevelopment Authority*, 733 F.2d 646, 651 (9th Cir. 1984) ("When federal claims are dismissed before trial, . . . pendant state claims also should be dismissed.").

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Sep 30, 2019**